UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x
FERGUSON FAMILY TRUST, On Behalf of  :  Civil Action No. 08-cv-4723 (SHS)
Itself and All Others Similarly Situated,   :
                                    :
                     Plaintiff,   :  CLASS ACTION
                                      :
    vs.   :
                                      :
FALCON STRATEGIES TWO LLC,   :
AMACAR GP, INC., CITIGROUP   :
ALTERNATIVE INVESTMENTS LLC,   :
CITIGROUP, INC. and REAZ ISLAM,   :
                                      :
                    Defendants.   :
                                      :
——————————————————— x

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF PLAINTIFF'S APPLICATION BY ORDER TO SHOW CAUSE
FOR EXPEDITED DISCOVERY

**TABLE OF CONTENTS**

**Page**

I.  PRELIMINARY STATEMENT ............................................................... - 1 -

II. ARGUMENT ...................................................................................... - 2 -

    A.  A Stay Is Inappropriate Because Plaintiff Has Asserted Delaware Law
        Claims That Are Separate and Distinct From the Exchange Act Claims ........... - 2 -

    B.  Plaintiff Will Suffer Undue Prejudice In the Absence of Discovery ................. - 3 -

    C.  The Legislative Purpose Underlying the Stay Provision Is Not Implicated ....... - 5 -

III. CONCLUSION ................................................................................... - 6 -

TABLE OF AUTHORITIES

**Page**

**CASES**

*In re Enron Sec. Derivative & "ERISA" Litig.*, No. MDL 1446,
        2002 U.S. Dist. LEXIS 26261 (S.D. Tex. Aug. 16, 2002) ................................................5

*In re FirstEnergy Corp. Sec. Litig.*,
        229 F.R.D. 541 (N.D. Ohio 2004) ................................................................................5

*In re Global Crossing, Ltd. Sec. Litig.*,
        322 F. Supp. 2d 319 (S.D.N.Y. 2004) ......................................................................3, 4

*In re LaBranche Sec. Litig.*,
        333 F. Supp. 2d 178 (S.D.N.Y. 2004) ......................................................................3, 6

*In re Silicon Graphics, Inc. Sec. Litig.*,
        970 F. Supp. 746 (N.D. Cal. 1997) ..............................................................................3

*In re Transcrypt Int'l Sec. Litig.*,
        57 F. Supp. 2d 836 (D. Neb. 1999) ..............................................................................5

*In re WorldCom, Inc. Sec. Litig.*,
        234 F. Supp. 2d 301 (S.D.N.Y. 2002) ..........................................................................5

*Rahl v. Bande*,
        316 B.R. 127 (S.D.N.Y. Bankr. 2004) ........................................................................2

*Seippel v. Sidley, Austin, Brown & Wood LLP*, No. 03 Civ. 6942 (SAS),
        2005 U.S. Dist. LEXIS 2388 (S.D.N.Y. Feb. 17, 2005) .............................................2

*Singer v. Nicor, Inc.*, 02 C 5168,
        2003 U.S. Dist. LEXIS 26189 (N.D. Ill. Apr. 23, 2003) .............................................5

*Tobias Holdings, Inc. v. Bank United Corp.*,
        177 F. Supp. 2d 162 (S.D.N.Y. 2001) ....................................................................2, 5, 6

*Vacold LLC v. Cerami*, No. 00 Civ. 4024 (AGS),
        2001 U.S. Dist. LEXIS 1589 (S.D.N.Y. Feb. 16, 2001) ...........................................3, 4

Plaintiff Ferguson Family Trust ("Plaintiff") respectfully submits this reply memorandum of law in further support of its motion by order to show cause for limited expedited discovery in advance of a hearing on its pending motion for a preliminary injunction.[1]

## I.    PRELIMINARY STATEMENT[2]

Remarkably, Defendants do not once claim in their opposition that the discovery sought cannot be completed on an expedited basis. Not once. Rather, they argue that the Private Securities Litigation Reform Act of 1995 (the "PSLRA") stays discovery here because the Court has not yet assessed the sufficiency of Plaintiff's claims. In taking this position, Defendants improperly attempt to utilize the stay as both a shield and a sword, claiming that discovery is not permissible yet simultaneously attacking the sufficiency of Plaintiff's disclosure-based claims for which discovery is indispensable to the pending injunction motion. Defendants also overlook the fact that Plaintiff has alleged claims based on Delaware law, which are not subject to the stay imposed by the PSLRA, in addition to those arising under the Exchange Act. Moreover, Defendants concede (as they must) that an exception to the stay permits the Court to allow particularized discovery where it is necessary to prevent undue prejudice – a very real concern here, because of the expedient nature of the Tender Offer and the planned liquidation of the Company, the significance of the disclosure deficiencies, and the fact that the SEC has made two requests for documents from Citigroup concerning its funds. Finally, the policy underlying the stay – to prevent coercive monetary settlements arising from the threat of costly discovery – is simply not implicated here, where Plaintiff does not seek monetary relief and only requests targeted discovery on this motion.

---

[1]    Although Defendants have served opposition to both motions, this reply memorandum is limited to the expedited discovery motion. Plaintiff intends to serve a reply on the injunction motion at a later date.

[2]    Capitalized terms have the meaning ascribed to them in the Complaint and Plaintiff's opening brief.

## II.    ARGUMENT

### A.    A Stay Is Inappropriate Because Plaintiff Has Asserted Delaware Law Claims That Are Separate and Distinct From the Exchange Act Claims

The PSLRA sets forth the circumstances under which a mandatory stay of discovery arises in a securities lawsuit, expressly conditioning the stay on the pendency of a motion to dismiss:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. §78u-4(b)(3)(B). No motion to dismiss is pending and thus no stay should preclude discovery here. However, even if the Court holds that a stay would ordinarily arise under the circumstances, "permitting discovery to proceed here would not represent an impermissible 'end run' around the PSLRA's automatic stay provisions" because Plaintiff has alleged a claim for breach of fiduciary duty under Delaware law *in addition to* its Exchange Act claims. *See Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 167 (S.D.N.Y. 2001) (noting that "Plaintiff did not simply append state law securities fraud or common law fraud claims to its Complaint in order to bypass the stay"); *see also Seippel v. Sidley, Austin, Brown & Wood LLP*, No. 03 Civ. 6942 (SAS), 2005 U.S. Dist. LEXIS 2388, at *11 (S.D.N.Y. Feb. 17, 2005) (lifting the stay); *Rahl v. Bande*, 316 B.R. 127, 138 (S.D.N.Y. Bankr. 2004) (noting that "the plain language of the PSLRA suggests that the discovery stay applies only to actions brought under the Exchange Act."). In fact, because the Delaware law claims are separate and distinct from the securities fraud claims (although arising from similar facts), Plaintiff could have brought those claims in state court beyond the reach of the discovery stay – but declined to do so, for purposes of efficiency. "Plaintiff should not be penalized" for having made that choice. *Tobias Holdings*, 177 F. Supp. 2d at 168 (reasoning that "[t]o prohibit discovery on the state claims would encourage a duplication of effort and serve as a disincentive for efficiency," where those claims could have been brought in a separate state action).

**B.** **Plaintiff Will Suffer Undue Prejudice In the Absence of Discovery**

The PSLRA explicitly vests courts with the discretion to allow discovery prior to a determination of the sufficiency of a plaintiff's claims. *See, e.g., In re Global Crossing, Ltd. Sec. Litig.*, 322 F. Supp. 2d 319, 352 (S.D.N.Y. 2004) (holding that the PSLRA's "mandate is not absolute, as the exceptions . . . leave sufficient flexibility" for the court to lift the stay); *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 760 (N.D. Cal. 1997) (recognizing that "the discovery stay provision provides courts with some discretion to permit necessary discovery in advance of a ruling on dismissal"). Specifically, the statute permits a court to lift the stay upon a showing that "particularized discovery is necessary . . . to prevent undue prejudice . . . ." 15 U.S.C. §78u-4(b)(3)(B). "[C]ourts have defined the undue prejudice sufficient to overcome the statutory bar as improper or unfair treatment amounting to something less than irreparable harm," such as a situation in which a defendant "might be shielded from liability in the absence of the requested discovery." *Vacold LLC v. Cerami*, No. 00 Civ. 4024 (AGS), 2001 U.S. Dist. LEXIS 1589, at *22-23 (S.D.N.Y. Feb. 16, 2001) (internal quotation marks omitted). Courts have also found undue prejudice where denying discovery would impede the plaintiff from formulating litigation strategy in a rapidly shifting environment or preclude access to documents that have been made available to others. *See In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 182 (S.D.N.Y. 2004) (examining cases).

This case presents a textbook example in which the stay should be lifted. The Tender Offer will expire in one month against the backdrop of the ever-shifting financial markets and Plaintiff cannot possibly complete discovery on a non-expedited basis prior to that time, precisely because of the stay and time constraints. Indeed, a motion to dismiss would barely be filed – much less decided – prior to the expiration of the Tender Offer. In addition, because the Company is a private entity, the information sought is exclusively within Defendants' possession and investors cannot obtain it elsewhere. Investors will thus be forced to make a determination of whether to tender their shares

- 3 -

without such information, in a rapidly shifting environment – a result that will eviscerate this lawsuit, which solely seeks disclosure-based relief to enable investors to make a fully informed decision. Consequently, a denial of discovery would enable Defendants to evade liability altogether, since disclosure is the core objective of Plaintiff's action and injunction motion.[3] *See Vacold*, 2001 U.S. Dist. LEXIS 1589, at *23 (observing that "several courts, including at least one in this district, have lifted the discovery stay on grounds of 'undue prejudice' where defendants might be shielded from liability in the absence of the requested discovery.").

Moreover, Defendants cannot seriously suggest that the discovery sought here is so general or overbroad as to be non-particularized. In fact, not even Defendants truly believe that is the case, since they relegate the suggestion to a footnote at the very end of their brief, wherein they half-heartedly contend that the "discovery requests are overbroad and insufficiently particularized." Indeed, here, the discovery sought is precisely tailored to Plaintiff's claims. For example, the fifteen individual requests for production concern significant issues that require additional disclosure, and are relevant precisely because the information sought concerns the Tender Offer.[4] Likewise, because Plaintiff seeks a maximum of three depositions of individuals who have discrete knowledge regarding the Company's operations and the Tender Offer, the nature of the discovery sought will be neither unduly burdensome nor disruptive. In fact, nowhere in Defendants' opposition do they claim that the requested depositions are unnecessary or likely to yield irrelevant information.

---

[3]    Other facts militating in favor of lifting the stay are that Falcon is winding down and Citigroup intends to liquidate the Company. *See In re Global Crossing*, 322 F. Supp. 2d at 352-353 ("Given the concerns raised in a situation where the entity being sued is winding down, resumption of discovery is desirable in order to prevent undue prejudice and preserve evidence.").

[4]    For this reason, information concerning the SEC's inquiry is absolutely material and relevant. Moreover, as explained further herein, the SEC's two requests for documents further heighten the significance of expedited discovery because Plaintiff will be forced to proceed without information that Citigroup may provide to the SEC concerning its management of the funds (presumably including Falcon).

A final reason that justifies lifting the discovery stay is that Citigroup and the other Defendants are presently responding to a regulatory inquiry by the SEC with regard to hedge funds that are affiliated with Falcon (which may include Falcon). As Defendants disclosed on May 23, 2008 in Supplement No. 2 to the Memorandum, after receiving Plaintiff's motion seeking such disclosure, Citigroup "has received two requests for documents concerning Citi-managed hedge funds in connection with an informal inquiry by the SEC." *See* Ex. K annexed to the Affidavit of James A. O'Brien (submitted in support of Defendants' opposition). Courts routinely modify the discovery stay in actions that are litigated concurrently with regulatory or governmental investigations, where the defendants have produced documents in the context of the investigations but not the actions. *See, e.g., In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) (lifting stay to permit plaintiffs to obtain documents produced to governmental entities); *Singer v. Nicor, Inc.*, 02 C 5168, 2003 U.S. Dist. LEXIS 26189, at *5 (N.D. Ill. Apr. 23, 2003) (lifting stay because plaintiffs would be unfairly disadvantaged if they did not have access to documents previously provided to governmental and other agencies); *In re Enron Sec. Derivative & "ERISA" Litig.*, No. MDL 1446, 2002 U.S. Dist. LEXIS 26261, *31-32 (S.D. Tex. Aug. 16, 2002) (same); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305-306 (S.D.N.Y. 2002) (same). The result should be no different here, where Citigroup is admittedly responding to the SEC inquiry.

### C.    The Legislative Purpose Underlying the Stay Provision Is Not Implicated

Courts have acknowledged that the legislative purpose of the stay is to protect "defendants in [securities fraud class actions] from being subjected to extortionate demands for settlement on behalf of class plaintiffs simply because of the high costs associated with discovery in these cases," as well as to prevent unbridled discovery (a fishing-expedition) "into facts which could allow [plaintiffs] to amend an initially frivolous complaint so as to state a claim." *See Tobias Holdings*, 177 F. Supp. 2d at 166 (quoting *In re Transcrypt Int'l Sec. Litig.*, 57 F. Supp. 2d 836, 841 (D. Neb. 1999), which

cited H.R. Rep. 369, 104th Cong., 1st Sess. 31, 32 (1995)). As Defendants tacitly concede, these concerns are not at all at issue here, where Plaintiff seeks targeted discovery in connection with its disclosure-based claims – not unlimited discovery in an effort to coerce a substantial monetary settlement. *See, e.g.*, *Vacold*, 2001 U.S. Dist. LEXIS 1589, at *24; *see also In re LaBranche*, 333 F. Supp. 2d at 183 (noting that the defendants did not contend that the stated goals of the PSLRA "would be frustrated were the stay lifted."). This factor also mandates lifting the stay.

## III.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests the Court to grant its motion for expedited discovery.

DATED: May 29, 2008

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
JOSEPH RUSSELLO


*/s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone: 631/367-7100
631/367-1173 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
DAVID C. WALTON
DAVID T. WISSBROECKER
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Samuel H. Rudman, hereby certify that on May 29, 2008, I caused a true and

correct copy of the attached:

Reply Memorandum Of Law In Further Support Of Plaintiff's Application By
Order To Show Cause For Expedited Discovery

to be served: (i) electronically on all counsel registered for electronic service for this

case; and (ii) by first-class mail to any additional counsel.



/s/ Samuel H. Rudman
Samuel H. Rudman